UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:  CASE NO.: 8:16-bk-06433-CPM
CHAPTER 7

Frank Anthony Bomba,

    Debtor,

Deborah Jean Bomba,

    Joint Debtor.

_____/

**AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY**

NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602 and serve a copy on the movant's attorney, Vanessa D. Torres, Esq., 6409 Congress Avenue, Suite 100, Boca Raton, Florida 33487 and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

    Secured Creditor, DITECH FINANCIAL LLC., by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1.     Debtor(s), FRANK ANTHONY BOMBA AND DEBORAH JEAN BOMBA, filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on July 27, 2016.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On April 4, 2007, Debtor(s) executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $193,000.00 to Mortgage Electronic Registration Systems, Inc. as nominee for AMNET Mortgage Inc., DBA American Mortgage Network of Florida. The Mortgage was recorded on April 30, 2007 in Book 15766 at Page 1657 of the Public Records of Pinellas County, Florida.  The loan was transferred to Secured Creditor. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A" and Composite Exhibit "B." The documents include copies of the Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift on the automatic stay and foreclose, if necessary.

4. The mortgage provides Secured Creditor a lien on the real property located in Pinellas County, Florida, and legally described as follows:

LOT 27, OF BONNIE BAY UNIT THREE PHASE TWO, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 76, PAGE 96,OF THE PUBLIC RECORDS OF PINELLAS COUNTY, FLORIDA.

This property is located at the street address of: 6555 PINECREST LANE, PINELLAS PARK, FL 33781.

5. The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since September 1, 2015.

6. The appraised value of the property is $184,200.00. See Exhibit "C" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

7. Based upon the Debtor(s)' schedules, the property is surrendered and is claimed as non-exempt. The Trustee has not abandoned the property.

8. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

9. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10. Secured Creditor respectfully requests this Court grant it relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

11. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

12. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

13. A Proposed Order accompanies this Motion. See Exhibit "D" attached hereto.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

**I HEREBY CERTIFY** that on November 1, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

MELISSA GILKEY MINCE
ANDERSON LAW GROUP
13577 FEATHER SOUND DRIVE

CLEARWATER, FL 33762-5532

FRANK ANTHONY BOMBA
6555 PINECREST LANE
PINELLAS PARK, FL  33781

DEBORAH JEAN BOMBA
6555 PINECREST LANE
PINELLAS PARK, FL  33781

CHRISTINE L HERENDEEN
PO BOX 152348
TAMPA, FL  33684

UNITED STATES TRUSTEE - TPA7/13
TIMBERLAKE ANNEX, SUITE 1200
501 E POLK STREET
TAMPA, FL  33602

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909
By: /s/ Vanessa D. Torres
Vanessa D. Torres, Esquire
Florida Bar Number 93113
Email: vdtorres@rasflaw.com